## J. W. HENDON *v.* THE STATE.

PRIVILEGE TAX.   *Sewing-machine agency.*

 Under the revenue law imposing a license tax on agencies for sewing-machines, and agents of sewing-machine companies, an indictment is insufficient if it charges only that the accused did "carry on the business of a sewing-machine agent" without paying the tax and obtaining the license.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

The appellant moved to quash an indictment which charged that on October 20, 1882, he "unlawfully did exercise and carry on the business of a sewing-machine agent without first paying the privilege tax and obtaining a license so to do."   His motion was overruled, and he was convicted under the indictment.

*W. D. Miller*, for the appellant.

No violation of Code 1880, § 585, is charged in the indictment. The law does not tax a sewing-machine agent. Its language is an "agency" or the agent of a sewing-machine "company." It is not the policy of the statute to license the business of selling sewing-machines for another. An indictment is not good if its charge is consistent with the innocence of the accused. Conviction or acquittal must bar another prosecution for the same offense, for no man can be twice put in jeopardy; and the accused must be advised of "the nature and cause of the accusation." *Riggs* v. *State*, 26 Miss. 51; *Norris* v. *State*, 33 Miss. 373. This right cannot be taken from the accused by the legislature nor lost by his own consent. *Murphy* v. *State*, 24 Miss. 590; *Newcomb* v. *State*, 37 Miss. 383. Precision in the description of the crime charged is guaranteed by the Constitution. *Lewis* v. *State*, 49 Miss. 354; Arch. Crim. Proc. 282.

*T. C. Catchings*, Attorney General, for the State.

Is not the charge sufficient without stating that the accused is agent of a specific company? An agent of a sewing-machine company is a sewing-machine agent. Viewed in this light, the language of the indictment would describe an offense. It is not necessary to use the very words of the statute. The point of doubt is whether the indictment should have named the company. Without this much particularity, how could the appellant defend against another indictment for the same offense?

CHALMERS, J., delivered the opinion of the court.

The revenue law of the State imposes a privilege tax of fifty dollars "on each agency for sewing-machines," and a tax of ten dollars "on each agent for sewing-machines of each company;" and punishes by fine those who pursue these avocations without having paid the tax. The tax is imposed on two persons or things, to wit: on each agency for sewing-machines, and on each agent for a sewing-machine company. Unless, therefore, a person is either the head of an agency for sewing-machines or the agent for a sewing-machine company he is not liable to indictment. The appellant was

indicted for carrying on "the business of a sewing-machine agent."
Under the law he was not indictable unless he was the agent of a
sewing-machine company, and that he was such is not charged.    He
may have been acting as the agent of a private person or dealer.
The motion to quash should have been sustained.

*Reversed and indictment quashed.*